■ LESLIE A. GARBER, Appellant, v DONALD W. SMITH, Respondent. — Order, Supreme Court, New York County (Solomon Katz, J.), entered on May 11, 1982, which granted defendant's motion to confirm the referee's report,

dismissed the complaint for lack of jurisdiction and denied plaintiff's cross motion to disaffirm the referee's report, to deny the motion to dismiss the complaint and to dismiss the affirmative defense of lack of personal jurisdiction, is unanimously reversed, on the law and the facts, and defendant's motion to confirm the report and dismiss the complaint is denied and plaintiff's cross motion to disaffirm report and to dismiss the affirmative defense of lack of personal jurisdiction is granted, with costs. In this medical malpractice action commenced by the plaintiff in 1973, defendant served his answer alleging a "boilerplate" affirmative defense of lack of jurisdiction. The action was actively litigated for the next six years. For instance, in November, 1975, defendant successfully moved to serve an amended answer to include the affirmative defense of the Statute of Limitations. In April, 1979, defendant substituted counsel and on November 24, 1980, the medical malpractice panel unanimously held, after a hearing, that there was no liability on the part of the defendant. However, on November 14, 1980, defendant had moved to strike the complaint for lack of personal jurisdiction, and plaintiff cross-moved on December 18, 1980, to strike the affirmative defense of lack of jurisdiction. The issue of service of process upon defendant was referred to a referee to hear and report with recommendations. The plaintiff's process server testified that service was made on October 30, 1973 and again on December 28, 1973. The defendant doctor denied having been personally served on either date, asserting that on October 30, he was performing an operation at the time service allegedly was made, and that he was in Australia on December 28, 1973. The referee reported that "Upon weighing the conflicting evidence, [he credited] the testimony of the defendant as supported by the documentary evidence of his passport and the real evidence of his person" and recommended granting defendant's motion to dismiss the action for lack of personal jurisdiction and denying plaintiff's motion to dismiss that defense. As we have previously stated in *Matter of Holy Spirit Assn. for Unification of World Christianity v Tax Comm. of City of N. Y.* (81 AD2d 64, 71): "Courts will confirm a Referee's report to the extent that the record substantiates his findings and they may reject findings not supported by the record". Here, the only evidence in the record before the referee tending to support a finding of lack of service on October 30, 1973 was the doctor's self-serving diary, containing an unexplained alteration of an entry purporting to show an operation appointment and discrepancies between the process server's description of the doctor in the affidavits and the doctor's description of his age and weight on the date of service. However, description of the doctor in the affidavits of service varied in detail as to age and weight in a manner consistent with the description given at the hearing by the process server while face to face with the doctor. Thus, these discrepancies do not support a finding of lack of service. By contrast the independent documentary evidence of the passport, which showed an Australia entry visa on December 23, 1973, supports the finding of no service upon this defendant on the December 28 date. Thus, there is no substantial evidence in this record to support a finding of lack of service on October 30, and the referee's report should not have been confirmed. Concur — Kupferman, J. P., Carro, Asch, Bloom and Alexander, JJ.